LANDRY, Judge.
Defendant-appellant Cast Crete Corporation of Florida (Cast Crete) appeals from judgment awarding plaintiff-appellee Charles Carter & Company, Inc. (Carter) $4,038.36, representing return of the purchase price paid by Carter for materials fabricated and sold by Cast Crete, dismissing Cast Crete’s reconventional demand for storage charges allegedly incurred in holding the materials pending litigation, and rejecting Cast Crete’s request for an allowance of additional time to make delivery of the goods in question. We reverse and allow Cast Crete forty-five days in which to make delivery of the materials.
This action is a sequel to our decision in Cast-Crete Corp. v. West Baro Corp., 339 So.2d 413 (La.App.1st Cir. 1976). The source of the litigation is a contract between these parties under date of March 21, 1974, pursuant to which Cast Crete agreed to furnish Carter pre-cast concrete slab and roof joists for a motel being constructed by Carter as prime contractor. The circumstances attending execution of the agreement are related in detail in our earlier opinion. Briefly put, Cast Crete supplied a major portion of the materials for the project until Carter discontinued payment of invoices submitted. Deliveries were discontinued by Cast Crete when Carter became delinquent. When shipment was stopped, Cast Crete had on hand at its Florida plant additional unshipped fabricated materials which Cast Crete refused to transmit until payment was received. Cast Crete liened Carter’s job and brought suit against Carter to enforce the lien. Carter’s surety, Insurance Company of North America, was substituted as defendant in the action in lieu of the owner involved. Carter defended and reconvened for damages on the ground that the materials did not meet the plans and specifications therefor, and required alteration for use in the project for which they were designed. In our prior opinion we found that Carter breached the *1140 contract by stopping payment for allegedly defective materials which we found to have been fabricated according to drawings approved by Carter’s agents. Judgment was rendered against Carter and its surety in the sum of $17,332.04, in solido, for materials previously delivered. We also found that Cast Crete stood ready, willing and able to deliver the remaining materials and would have made delivery except for Carter’s breach by nonpayment. Finding that the undelivered materials were custom-made and unsuitable for use otherwise, we rendered judgment against Carter for the cost thereof, namely, $4,038.76.
Our original judgment became final when, on February 1, 1977, the Supreme Court denied Carter’s application for supervisory writs, 341 So.2d 900 (La.1977). On February 23,1977, Carter mailed Cast Crete a check in payment of the judgment. On February 25, 1977, Cast Crete notified Carter that shipment of the materials would be made within seven days. Later, on March 4, 1977, Cast Crete notified Carter that shipment would not be made until Carter paid storage charges computed at $50.00 per month and aggregating $1,569.73. Carter was also advised to add $16.44 as storage charges for each additional day until payment of these charges.
Carter responded by filing the instant suit for cancellation of the sale and return of $4,038.76, the price paid for the undelivered merchandise. Cast Crete reconvened for $1,919.73, the amount of storage allegedly due to the date of reconvention.
In holding Carter entitled to cancellation of the sale and return of the purchase price of the undelivered goods, the trial court relied upon La.C.C. Article 2485, which provides:
“If the seller fails to make the delivery at the time agreed on between the parties, the buyer will be at liberty to demand, either a canceling of the sale, or to be put into possession, if the delay is occasioned only by the deed of the seller.” (Emphasis added)
The cited codal provision grants a buyer the option of either demanding specific performance or rescission of the sale when a delay in delivery results solely from the seller’s fault. The trial court reasoned that although Cast Crete was not obliged to deliver until Carter remitted the purchase price, as provided by La.C.C. Article 2487, once Carter made payment, Cast Crete was obligated to make delivery unless Carter was otherwise legally justified in refusing delivery. In refusing delivery, Cast Crete relied upon La.C.C. Article 2555, which states, inter alia:
“The purchaser, who neglects to obtain delivery of the thing sold, after having been put in default, is answerable to the vendor for the . reimbursement of the expense which may have been incurred for the preservation of the thing.”
The trial court found that Article 2555 did not support Cast Crete’s claim for storage charges because Carter was at all times ready to accept delivery. On this basis the trial court found Cast Crete was unjustified in refusing delivery and ordered cancellation of the sale.
We find the trial court erred manifestly in its application of Article 2555, above, to the uncontroverted facts herein. As previously noted, our prior opinion, which is the law of the case in this instance, found and held that Cast Crete was ready, willing and able to make delivery of the remaining materials, and actually offered delivery and would in fact have delivered but for Carter’s breach of the contract. Moreover, it is clear that Cast Crete had no duty to deliver until Carter made payment. La.C.C. Article 2487.
Under the circumstances, we hold that the failure in delivery resulted from Carter’s failure to pay the cost of the materials until east in judgment to do so. Consequently, Cast Crete is entitled to reasonable costs of preservation of the goods in the interval following Carter’s failure to pay, La.C.C. Articles 2549 and 2555. Carter being in default in its failure to pay, was not entitled to delivery until it honored the claim for storage charges. The delay in delivery occasioned by failure to honor such *1141 charges was not a delay “occasioned only by the deed of the seller” and the trial court erred in holding otherwise.
We find, however, that Cast Crete’s claim for storage charges must be denied for lack of proof. The record contains only an invoice, unsupported by testimony as to' the value of the storage charges represented thereby. Insofar as a claim for such charges is concerned, the invoice is purely self-serving; it does not constitute proof of the value of such services.
Having found the sale complete (the price having been paid) and that Cast Crete is not entitled to storage charges, we also find that Cast Crete should be allowed a reasonable time in which to make delivery.
Accordingly, it is ordered, adjudged and decreed that there be judgment herein reversing the judgment decreeing cancellation of the sale and return of the purchase price to Carter; affirming the judgment denying Cast Crete’s reconventional demand for storage charges; and allowing Cast Crete forty-five days in which to effect delivery of the materials in question, all costs of these proceedings to be shared equally by Carter and Cast Crete.
Affirmed in part, reversed in part, amended and rendered.